**CORRELL et al. v. KROTH et al.**

No. 7839—Opinion Filed Jan. 2, 1917.

(162 Pac. 215.)

**1. Appeal and Error—Discretionary Ruling —Temporary Injunction.**

The matter of granting or dissolving a temporary injunction is largely within the discretion of the court. Its action in such cases will not be disturbed, unless there has been a palpable abuse of discretion.

**2. Injunction — Right to Remedy — Past Wrongs.**

Injunctive relief will not lie, and should not be granted, as a remedy for past wrongs or injuries.

**3. Animals—Infectious Disease—Regulations to Prevent—Validity of Statutes.**

The various acts of the Legislature providing for the construction of dipping vats, and

providing the manner and means of dipping cattle for the eradication of fever ticks and infectious disease, are not unconstitutional and do not in any wise conflict with any provision of the Constitution of the state of Oklahoma or the United States, but are wholesome and beneficent laws, based upon scientific research and actual experiment, clearly demonstrating, to all reasonable and intelligent men, the importance and justice of such legislation, and come clearly within the governmental powers of the state to regulate to a certain extent the individual affairs of its citizens, and to promote and protect the best interests of the public generally.

(Syllabus by Jones, C.)

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Action by J. W. Correll and others against Henry Kroth and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Wadlington & Wadlington and E N. Jones, for plaintiffs in error.

Smith C. Matson, Arden Bullock, and Chas. G. Orr, for defendants in error.

Opinion by JONES, C. This is an appeal from the district court of Pontotoc county from an order of court refusing to grant to plaintiffs in error, plaintiffs below, hereafter called plaintiffs, a temporary writ of injunction against defendants in error, defendants below, hereafter called defendants, after a hearing on the issues as joined by the petition and answer filed in said cause.

The facts, as disclosed by the evidence in the trial of the case, show that Henry Kroth, 1. R. Gilmore, and V. S. Malone were the county commissioners of Pontotoc county; that they had appointed J. E. Farmer, J. A. Phillips, W. C. Henigan, Wayne Truitt, A. F. Lanier, Ed Thompson, and Edgar L. Pegg, defendants herein, as helpers to assist the federal and state officials in the dipping of cattle in Pontotoc county. The facts further are that neither of the defendants were acting in the capacity of live stock inspector, but that the commissioners, the first three named defendants, were acting solely in the capacity of county commissioners, and that the other named defendants were acting under the direction and supervision of the federal and state live stock inspectors, whose duty it was to direct and supervise the inspection and dipping of cattle in Pontotoc county for the purpose of eradicating ticks and for the prevention of infectious disease among live stock. Pursuant to the authority given by law, and in the discharge of their duties as such commissioners, inspectors, and helpers, they erected dipping vats throughout Pontotoc county, and were dipping cattle with an arsenical dip, such as is provided for and authorized by law, and the proof clearly shows they were acting entirely within the scope of their authority and legally as provided by law.

It is true that the evidence disclosed the fact that a few cattle, out of the several thousand that had been dipped about the time of the institution of these proceedings, died shortly after they were dipped, and for this reason plaintiffs contend that the entire proceedings relative to the dipping of their cattle are wrong and in violation of their property rights, and should be enjoined and prohibited by the court. But we do not understand, nor has it ever been contended, that the dipping of cattle will prevent death. Live stock, like all the balance of the animal kingdom, are subject to death. You might as well contend that a railway company should be enjoined from the shipping and transportation of live stock, because occasionally one is killed in shipping or dies in transit. We feel that the matter in controversy is so simple, and the law governing the same so elementary, that it is useless to say more. We fail to find that any of the errors complained of by plaintiffs were committed by the trial court, or that they are well founded in law.

The judgment of the trial court is therefore affirmed in all things.

By the Court: It is so ordered.